ARKANSAS STATE HWY. COMMISSION v. A. L. YOUNG, ET AL

4611                                                    431 S.W. 2d 265

Opinion delivered August 26, 1968

[Rehearing denied September 30, 1968.]

*Thomas B. Keyes* and *Kenneth R. Brock,* for appellant.

*Robinson* and *Booth* for appellees.

PAUL WARD, Justice. This is an eminent domain proceeding, initiated by the State Highway Commission (appellant here) to condemn 11.18 acres of land belonging to A. L. Young (appellee here) for use in the construction of Interstate Highway No. 40—in Crawford County. This is an appeal from a jury verdict in the amount of $52,000 in favor of appellee for the taking of said land.

Appellant sought, in the same action, to condemn land belonging to other persons, but they are not parties to this appeal.

The only ground relied on by appellant for a reversal, is:

"The trial court erred in allowing the testimony of appellee Young and witness Ragge to stand with respect to total damages to entire tracts."

To better understand the issue raised we set out below the necessary undisputed facts involved.

Appellee's property consists of three separate parcels of land designated as #330, #360 and #366. We are here primarily concerned with value testimony relating to parcel #330 which consists of 6.8 acres.

During the trial appellee and his three witnesses each placed a total valuation on all three parcels, ranging from $65,000 to $74,050. The total valuation on the three parcels was placed at around $23,000 by appellant's witnesses. However, in fixing said values, appellee and one of his witnesses testified (in substance): (a) that a portion of parcel #330 was best suited for residential purposes; that it could be divided into eight lots —each worth $2,000, and (b) that there were certain farm buildings worth $4,500. The trial court, over appellant's objection, allowed the above testimony to go to the jury.

For the purpose of this opinion it may be conceded (and we understand appellee does concede) that the trial court erred in admitting the introduction of said testimony. In this connection we merely refer to the two pertinent statements by this Court: In *Arkansas State Highway Commission* v. *Watkins*, 229 Ark. 27, 313 S.W. 2d 86, we said:

"Such testimony allowed the jury to compare the value of the subject lots in Lakewood Addition without any knowledge of numerous factors that would have to be considered in order to make the comparison fair and equitable. It necessarily follows then that the jury's verdict would be based on conjecture and speculation."

In *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S.W. 2d 495, there appears this statement:

"Of course a verdict rendered by a jury which was partially based on testimony relating to the commercial value of the land, and partially based on testimony relating to the land's value for residential purposes, would not be proper, but it is for the jury to determine the best and highest use of a landowner's property."

It is the contention of appellee, however, that the above mentioned error was later corrected by the trial court, and we agree with that contention. At the close of the testimony given by appellee and Ragge, appellant moved the trial court to strike their testimony. Thereupon the trial court announced that it was sustaining appellant's motion with the following limitations: (1) it would allow the testimony to stand as to the tract, but would exclude the testimony relative to lot value and the farm buildings; and, (2) "subject to my instructions to the jury ..." To the above both parties saved exceptions. Thereupon the court, in material part, instructed the jury as follows:

"Now, ladies and gentlemen of the jury, I have allowed some testimony to reach you that should not have gone to you. So I instruct you at this time to disregard and not to consider the testimony of both Mr. Ken Ragge, who just testified, and of Mr. A. L. Young, with reference to the value of the buildings

—the two barns, the milk shed and the loading chute—on the land taken. You will not consider the value testimony which they gave as to those buildings, nor will you consider, and I instruct you now not to consider, and to disregard the per lot valuation which they place on the undeveloped land, the unsubdivided land where the buildings were that were taken. So you will disregard the value testimony with references to those buildings and the per lot valuation of this land which has not been subdivided and on which the buildings stood that was taken.''

After the above the court proceeded, without objection by either side, to hear testimony from other witnesses.

If the above actions of the court did not cure the previous error it was, we think, incumbent on appellant to so indicate at the time. We also point out that the court gave many other instructions to the jury which are not abstracted and to which no objection is made.

Finding no reversible error the judgment of the trial court must be, and it is hereby, affirmed.

Affirmed.

BROWN & FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, J. I concur in the result because I agree that the admonition given the jury by the court removed any prejudice that there may have been in any error in admission of testimony. I do not agree that there was error in admitting testimony with reference to the evaluation of parcel #330 as eight lots worth $2,000 apiece.

As I understand testimony in this case, this property had an 800-foot frontage along the road, the highest and best use of which was for eight building lots

which could be sold for $2,000 each. This is a different situation from that which exists when a landowner trys to show how property could be divided into lots which could be sold only after the land had been developed so that the highest and best use of the property would be for residential building lots. The testimony of the landowner and the valuation expert offered by him would indicate a present market for this 800 feet in lots. This takes the testimony out of the realm of speculation, which is ordinarily the reason for excluding this type of evidence.

I am authorized to state that BROWN, J., joins in this concurrence.